# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **DEMARIO B. JONES** | * | **CIVIL ACTION NO.   13-2562** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **EMERALD CORRECTIONAL MANAGEMENT d/b/a RIVERBEND CORRECTIONAL CENTER AND MACARTHUR BAKER** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 6] filed by defendant, Emerald Correctional Management, LLC.  For reasons set forth below, it is recommended that the motion be GRANTED.

## Background

At all relevant times, Demario Jones was incarcerated as a pretrial detainee at the Riverbend Correctional Center , Lake Providence, Louisiana.  (Compl., ¶ 6).  On August 29, 2012, Jones was brutally attacked and beaten in the head by MacArthur Baker, another felony inmate housed at the same facility.  *Id*.  As a result of the attack, Jones suffered serious injury that required hospitalization.  *Id*., ¶¶ 9-10.

On August 28, 2013, with the assistance of counsel, Jones filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against the private operator of the facility, Emerald Correctional Management, LLC (incorrectly named in the complaint as "Emerald Correctional Management d/b/a Riverbend Correctional Center") (hereinafter, "Emerald"), and his assailant,

MacArthur Baker.  Plaintiff contends that by failing to protect him against the attack, Emerald violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  He further alleges that Emerald and Baker are liable for his damages under state tort law.  *See* Compl., ¶¶ 1 & 19.  Jones seeks to recover compensatory and punitive damages, costs, and reasonable attorney's fees.  *Id*., ¶¶ 22-25, Prayer.[1]

On January 20, 2014, Emerald filed the instant motion to dismiss for failure to state a claim upon which relief can be granted.  Emerald argues that plaintiff's complaint does not contain sufficient facts to show that it was deliberately indifferent to his constitutional rights.  Moreover, the complaint does not identify any policy or practice instituted by Emerald to deprive plaintiff of his rights.  Emerald further argues, in the alternative, that it is an arm of the state entitled to Eleventh Amendment immunity.

In conjunction with the filing of Emerald's motion, the Clerk of Court issued a Notice of Motion Setting on January 21, 2014, explaining that any response to the motion to dismiss was due within 21 calendar days from the date of the notice, i.e. by February 11, 2014.  See Notice of Motion Setting [doc. # 9].  On March 2, 2014, plaintiff requested and obtained an extension of time until March 15, 2014, to respond to the instant motion.  *See* doc. #s 12-13.  The foregoing extension has since lapsed, without any response from plaintiff.  Accordingly, the motion to dismiss is deemed unopposed.  *See* Notice of Motion Setting [doc. # 9].  The matter is now ripe.

---

[1]  Emerald is the sole remaining defendant in this matter.  On February 7, 2013, the Clerk of Court dismissed defendant Baker because of plaintiff's failure to perfect service.  (Feb. 7, 2014,Order [doc. # 11]).

## Analysis

**I.      Eleventh Amendment Immunity**

Emerald contends that it is entitled to Eleventh Amendment immunity because it

operated the Riverbend Detention Center as an arm of the state.[2]  Although Emerald raised

Eleventh Amendment immunity in the alternative, it is jurisdictional question; thus, the court

must consider the issue before reaching the merits of the case.  *See United States v. Texas Tech*

*Univ.*, 171 F.3d 279, 285-86 (5th Cir. 1999).

It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal
> court by citizens of a state against their own state or a state agency or department.
> Claims under federal statutes do not override the Eleventh Amendment bar unless
> there is a clear showing of congressional intent to abrogate the bar. Section 1983
> does not override the Eleventh Amendment bar.

*Darlak v. Bobear*,  814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted).

The Eleventh Amendment bars suits for both money damages and injunctive relief against a state

entity.  *Id*.  It also precludes state law claims brought against the State and its departments (in

federal court).  *Richardson v. Southern University*,  118 F.3d 450, 453 (5th Cir. 1997).

The Fifth Circuit appears to have recognized that private corporations may be entitled to

immunity as arms of the state.  *See U.S. ex rel. Barron v. Deloitte & Touche, L.L.P.*, 381 F.3d

438, 440 (5th Cir. 2004).  To determine whether an entity is an arm of the state requires

application of a six factor test:

1.      Whether the state statutes and case law view the agency as an arm
        of the state;

2.      The source of the entity's funding;

---

[2]  Emerald no longer operates the Riverbend Detention Center.  The facility now is
operated by the East Carroll Parish Sheriff.  (M/Dismiss, pg. 1 n1).

3

3.      The entity's degree of local autonomy;

4.      Whether the entity is concerned primarily with local as opposed to statewide, problems;

5.      Whether the entity has the authority to sue and be sued in its own name;

6.      Whether the entity has the right to hold and use property.

*Id*. (citations omitted); *see also Abayomi v. Cornell Corr. Corp.*, 67 F. App'x 242 (5th Cir. 2003) (directing district court to apply six factor test to prison corporation's claim of immunity).

Nevertheless, the source of the entity's funding is the most important consideration; this is because the Eleventh Amendment exists primarily to protect state treasuries. *U.S. ex rel. Barron v. Deloitte & Touche, L.L.P., supra*. "To determine if the state treasury is being protected, [the] court looks first to whether the state would be liable for a judgment against the defendant and then to whether the state would be liable for the defendant's "general debts and obligations." *Id*. (citation omitted).

Here, Emerald has not demonstrated that the state would be fiscally responsible for any judgment in this case. Moreover, it has not shown that the remaining factors otherwise compel a finding that it is an arm of the state. Accordingly, the court is compelled to find that Emerald is not entitled to Eleventh Amendment immunity.

## II.      Federal Law Claims

### a)      Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. (citation omitted).   A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly, supra*.  Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint

by reference, and matters of which a court may take judicial notice." *Id*.

 **b)**  **Discussion**

 "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

 It is well settled that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592-593 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976-77 (1994)). To prevail on a failure to protect claim, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to the inmate's safety. *Id*.[3] A prison official acts with the requisite deliberate

---

 [3] As a pretrial detainee, plaintiff's constitutional rights flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996). Pretrial detainees are presumed innocent and not subject to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). Nonetheless, when, as here, a pretrial detainee brings a failure to protect claim which is directed toward a particular incident, it is properly analyzed as an episodic act case, and a deliberate indifference standard is applied. *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir.1996). This standard is substantially equivalent to the Eighth Amendment protections available to a convicted prisoner. *Id*.

 In addition, the Fifth Circuit has held that "private prison-management corporations and

indifference if he is aware of an "excessive risk to inmate ... safety," but disregards the risk.  *Id*. "'[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and must in fact also have drawn the inference.  No liability exists, however, if an official reasonably responded to a known substantial risk, 'even if the harm was ultimately not averted.'"  *Id*.  In other words, the deliberate indifference inquiry is two-pronged; the plaintiff must show 1) objectively, that he was exposed to a substantial risk of serious harm; and 2) subjectively, that the jail official was deliberately indifferent to the risk, i.e. that the official actually was aware of the risk, but disregarded it.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference."  *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  **Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."**  *Thompson*, 245 F.3d at 459 (emphasis added).  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Applying the foregoing principles here, the court observes that plaintiff's allegations of deliberate indifference are entirely conclusory:

> 7.    On information and belief, despite defendants' actual knowledge

---

their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury. These corporations and their employees are subject to limitations imposed by the Eighth Amendment." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003).

of the risk, Plaintiff DeMario B. Jones, a pretrial detainee, presumed innocent under the law, was placed in general population with DOC inmate Defendant MacArthur Baker.

8.      On information and belief, Defendants had actual knowledge of Defendant Macarthur's propensity for violence and the risk that he posed.

16.     As a result of their actions, [Emerald] intentionally, or deliberate [sic] indifference and callous disregard of Plaintiff's rights deprived Plaintiff of the right to protection of the laws and impeded the due course of justice, in violation of the Constitution of the United State and 42 U.S.C. Section 1983.

(Compl.).

Plaintiff does not identify any Emerald employee or official who actually was aware that MacArthur posed a substantial risk of serious harm to Jones, but disregarded it.  Moreover, after *Twombly* and *Iqbal*, plaintiff's conclusory and formulaic recitation of the elements of his cause of action no longer suffice to state a claim.  *See Twombly, supra* and *Iqbal, supra*.

The court further observes that by suing Emerald directly, instead of naming any of its individual employees, plaintiff appears to be attempting to assert claims for municipal liability or respondeat superior.  Indeed, municipalities and local government units are persons subject to liability under § 1983.  *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, (1978).[4]  Therefore, local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id*.  A local governing body, however, cannot be held liable on the basis of *respondeat superior*.  *Id*.  Rather, plaintiff must

---

[4] Although Emerald is not a municipal corporation, it is akin to one in this instance.  *See Rosborough, supra*.

demonstrate that the local government entity had an official policy (or custom) which was a

"moving force" behind a constitutional violation that a "policy maker" of the local government

entity knew of, or must have known about.  *See Pineda v. City of Houston*, 291 F.3d 325, 328

(5th Cir. 2002) (citation omitted).

> An official policy contemplates,
>
> 1.      A policy statement, ordinance, regulation, or decision that is
>         officially adopted and promulgated by the [government entity] ...
>         or by an official to whom the [entity] ha[s] delegated policy-
>         making authority; or
>
> 2.      A persistent, widespread practice of ... officials or employees,
>         which, although not authorized by officially adopted and
>         promulgated policy, is so common and well settled as to constitute
>         a custom that fairly represents [the entity's] policy.
>
> A plaintiff may also establish a custom or policy based on an isolated decision
> made in the context of a particular situation if the decision was made by an
> authorized policymaker in whom final authority rested regarding the action
> ordered.

*Cozzo v. Tangipahoa Parish Council--President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002)

> Here, Jones alleges only that,
>
> Plaintiff believes that [Emerald] has, as a matter of policy and practice, with
> deliberate indifference, failed to:
>
> 1)      Properly separate known violent offenders from general offenders.
>
> 2)      Properly separate DOC prisoners from the general population.
>
> 3)      Properly separate pre-trial detainees from convicted felons.
>
> 4)      Properly secure the safety of those in their custody.

(Compl., ¶ 20).

As with his allegations regarding deliberate indifference, plaintiff has offered no facts to

demonstrate the widespread nature of the alleged policy or practice of failing to properly

separate pretrial detainees from convicted felons.  At best, his complaint alleges facts to support

a single instance.  A single isolated incident, however, will not support a finding of municipal

liability based on informal custom. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 371 (5th

Cir. 2003) (noting that proof of a custom or practice must be premised on more than isolated

facts).

of an isolated occurrence will not support municipal liability predicated on a widespread custom

theory).  Moreover, plaintiff has not alleged that the decision in this case to place him in

proximity to a convicted felon was rendered by an authorized policymaker who enjoyed final

authority over the matter.  *See Cozzo, supra.*

    In sum, as instructed by *Iqbal*, the court accords no weight to plaintiff's conclusory

allegations in his complaint.  *See Iqbal, supra.*  Plaintiff's remaining allegations contain no facts

sufficient to confer plausibility upon his claim for local governing body liability under § 1983.

*Id.*; *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).  As

such, there is no reasonable expectation that discovery will reveal evidence to support the

elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.

## III.    State Law Claims

    Emerald's motion did not address plaintiff's state law tort claim(s).  However, when, as

recommended here, all constitutional claims which conferred federal subject matter jurisdiction

are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining

state law claims.  28 U.S.C. § 1367.[5]  In fact, this is the general rule.  *Priester v. Lowndes*

---

    [5]    In the case *sub judice*, there is no indication that the court may exercise diversity
jurisdiction, 28 U.S.C. § 1332.  *See* Compl., ¶¶ 3-4.

*County*,  354 F.3d 414, 425 (5th Cir. 2004) (citation omitted).  The twin interests of comity and efficiency dictate that any remaining state law claims be dismissed without prejudice.  28 U.S.C. § 1367(c).[6]

### Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 6] filed by defendant, Emerald Correctional Management, LLC, be GRANTED, and that judgment be entered in favor of said defendant, dismissing with prejudice plaintiff's claims arising under the Constitution and laws of the United States.  Fed. R. Civ. P. 56.

**IT IS FURTHER RECOMMENDED** that plaintiff's remaining state law claims be DISMISSED, without prejudice.  28 U.S.C. § 1367(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[6]  The limitations period is tolled for a minimum of 30 days after dismissal.  *See* 28 U.S.C. § 1367(d).

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of March, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

12